and has the appearance of an assignment to coerce them into a disadvantageous settlement.

It will be seen from these decisions that assignments must be general—there can be no partial assignments. The fraud perpetrated under cover of voluntary assignment laws is growing daily, and will sap the very foundation of our commercial interests unless checked.

The Supreme Court has construed the law, and decided the points growing out of this class of cases, in no uncertain language. These decisions will do more to restore confidence to the commercial interests of our people than any that have ever been rendered.

---

The Supreme Court of Georgia has adjourned to the first day of June next, when they will render the remaining decisions for the current year.

---

# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered April 27, 1886.*

---

REPORTED BY J. H. LUMPKIN, REPORTER

---

## COOK *vs.* STATE.

MURDER, FROM TAYLOR. Criminal Law. Murder. Malice. Charge of Court.
(Before Judge Willis.)

Hall, J,—There was no error in charging that, in order to make the homicide for which the defendant was tried murder, it must have been committed with malice aforethought; "that is, it must exist prior to the killing; it is not necessary that it should exist for any considerable length of time; if it exist a moment before the killing, it is malice aforethought in law." 70 Ga., 617, 620.

(a) The charge of the presiding judge in this case fully and fairly submitted all the law applicable to the case, and it is not denied that the evidence sustained, if it did not require, the verdict.

Judgment affirmed.

W. S. Wallace & Son, for plaintiff in error.

Clifford Anderson, attorney general, by J. H. Lumpkin; Thos. W. Grimes, solicitor general, by J. M. McNeill, for the State.